United States District Court
Eastern District of New York

------------------------------------X

SINGER CONEY LLC,

        *Plaintiff,*

   - against -

PEPPER PALACE, INC.,

        *Defendant.*

------------------------------------X

**Order Adopting the Report and Recommendation**

No. 25-cv-721 (KAM)(PCG)

**Kiyo A. Matsumoto, United States District Judge:**

On February 7, 2025, Plaintiff Singer Coney, LLC commenced this action against Defendant Pepper Palace, Inc. alleging, among other claims, breach of contract for failure to timely pay rent on a commercial lease.  (ECF No. 1 ("Compl.").)  After Pepper Palace was served but failed to appear and respond, Singer Coney requested a Certificate of Default against Pepper Palace on April 11, 2025.  (ECF No. 10.)  On April 14, 2025, the Clerk of Court entered the default against Pepper Palace.  (ECF No. 11.)  On May 15, 2025, Singer Coney filed a motion for entry of a sum certain default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), in compliance with Local Rule 55.2.  (ECF No. 13 ("Def.'s Mot. for Default J.").)  On May 16, 2025, the Court referred the motion for default judgment to Magistrate Judge Pollak.  (Dkt. Order Referring Motion dated 05/16/2025.)

Judge Pollak subsequently entered a well-reasoned report and recommendation on January 2, 2026, granting in part and denying in part the motion for default judgment and, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), directed Singer Coney to respond with any objections within 14 days of the report and recommendation. (ECF No. 16 ("R&R").)  More than 14 days have elapsed since Judge Pollak entered the R&R and Singer Coney was served, and no party has filed a written objection.

In reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). "Where no timely objections have been filed, the district court need only satisfy itself that there is no clear error on the face of the record." *Rodriguez v. MRC Bakery Corp.*, 802 F. Supp. 3d 393, 407 (E.D.N.Y. 2025) (quoting *Finley v. Trans Union, Experian, Equifax*, No. 17-CV-0371, 2017 WL 4838764, at *1 (E.D.N.Y. Oct. 24, 2017)) (internal quotation marks omitted).

After careful review of the record and Judge Pollak's well-reasoned R&R, the Court finds no clear error and thus adopts the R&R in its entirety as the Court's opinion. *See* 28 U.S.C. § 636(b)(1). Accordingly, it is

ORDERED that the R&R is adopted in its entirety. Singer Coney's motion is granted as to the $112,371.69 in unpaid rent and

2

$4,494.85 in late charges on the unpaid rent.  Singer Coney is further awarded post-judgment interest as set forth in 28 U.S.C. § 1961(a).  Singer Coney's motion for a default judgment on accelerated rent, late charges as they apply to accelerated rent, and interest, however, is denied without prejudice. Singer Coney's motion for attorneys' fees is also denied without prejudice. Singer Coney is ordered to serve a copy of this Order on Pepper Palace at its last known address and to file proof of service with the Court by Friday, February 6, 2026. Should Singer Coney wish to pursue its request for accelerated rent, late charges, interest, attorneys' fees, and costs, it must renew its motion and provide the information discussed in the R&R no later than February 13, 2026. If Singer Coney does not file a renewed motion by February 13, 2026, the Clerk of Court is directed to enter judgment and close this case on February 16, 2026.

**So ordered.**

Dated:     February 5, 2026
           Brooklyn, New York     _____
                                   **Kiyo A. Matsumoto**
                                   United States District Judge
                                   Eastern District of New York

3