UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SINGER CONEY, LLC,

Plaintiff,

-against-

PEPPER PALACE, INC.,

Defendants.
---------------------------------------------------------X

**REPORT AND RECOMMENDATION**
25-cv-00721-KAM-PCG

**CROSS-GOLDENBERG,** United States Magistrate Judge:

On February 7, 2025, landlord-Plaintiff Singer Coney, LLC initiated this action against its tenant, Defendant Pepper Palace, LLC, alleging breach of contract and seeking damages for fixed rent in arrears, accelerated rent, interest charges, and attorney's fees. (See Compl.) Plaintiff filed its first Motion for Default Judgment on May 15, 2025. (Dkt. No. 13, Request for Sum Certain Default Judgment.) On January 2, 2026, U.S. Magistrate Judge Cheryl L. Pollak recommended that Plaintiff's first Motion for Default Judgment be granted in part and denied in part. (Dkt. No. 16, Report and Recommendation ("R&R").) Specifically, Judge Pollak recommended that the district court deny without prejudice Plaintiff's request for accelerated rent, late charges as they apply to accelerated rent, and interest because Plaintiff had failed to explain how it arrived at the accelerated rent amount it was seeking. (See R&R, at 8–9.) On January 15, 2026, the Case was reassigned to the undersigned.

On February 5, 2026, Judge Matsumoto adopted the R&R in full and advised Plaintiff that, should Plaintiff "wish to pursue its request for accelerated rent, late charges, interest, attorneys' fees, and costs, it must renew its motion and provide the information discussed in the

R&R no later than February 13, 2026." (Dkt. No. 17.) On February 18, 2026, Plaintiff filed its Second Motion for Default Judgment. (Dkt. No. 21, Mot. for Default J. ("Second Motion").) [1]

On July 8, 2026, upon review of Plaintiff's Motion for Default Judgment, this Court ordered Plaintiff to Show Cause why the Court should not recommend denying Plaintiff's Second Motion for failure to include a memorandum of law and a proposed order as required by Local Civil Rule 55.2(a)(2). (Order to Show Cause, dated July 8, 2026.) The Court noted that "Courts in this circuit regularly deny motions for default judgment for failure to strictly comply with Rule 55.2's procedural and service requirements." (Id. citing Santacruz v. Blok Chocolatier LLC, No. 19 CV 544, 2021 WL 4341103, at *2 (E.D.N.Y. June 23, 2021), Report and Recommendation adopted by, 2021 WL 4340963, at *1 (E.D.N.Y. Sept. 23, 2021); United States v. Hamilton, No. 18 CV 2011, 2019 WL 6830318, at *3 (E.D.N.Y. Nov. 26, 2019) (collecting cases), Report and Recommendation adopted by, 2019 WL 6828276, at *1 (E.D.N.Y. Dec. 13, 2019)). The Court directed Plaintiff to supplement the record with the missing documents by July 15, 2026. (Order to Show Cause, dated July 8, 2026.)

On July 15, 2026, Plaintiff filed a Third Motion for Default Judgment and included the missing Memorandum of Law in Support of Plaintiff's Renewed Motion for Default Judgment (Dkt. No. 26-16) and Proposed Order (Dkt. No. 26-17). Because Plaintiff has filed a renewed Motion for Default Judgment curing the deficiencies of its Second Motion for Default Judgment,

[1] Per the District Court's directive, Plaintiff filed a Request for Sum Certain Default Judgment on February 13, 2026. (See Dkt. No. 19.) On February 18, 2026, the ECF Help Desk advised Plaintiff that because Plaintiff sought attorneys' fees in its request it "must seek default judgment by motion to the Court pursuant to Fed. R. Civ. P. 55(b)(2)." (Notice re 19 Request for Sum Certain Default Judgment, dated Feb. 18, 2026.) Plaintiff corrected its filing on the same day and filed its Second Motion for Default Judgment on February 18. (See Dkt. No. 21.)

the Court respectfully recommends that Plaintiff's Second Motion for Default Judgment, filed at Docket Number 21, be denied as moot.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the district court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is Ordered to serve a copy of this Report and Recommendation on Defendant promptly via overnight delivery or courier and file proof of service immediately thereafter.

**SO ORDERED.**

Dated: Brooklyn, New York
July 31, 2026

/s/ Peggy Cross-Goldenberg

Peggy Cross-Goldenberg
United States Magistrate Judge